**Affirmed; Opinion Filed February 13, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01457-CR

### NELSON ACOSTA MALDONADO, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-53801-T**

# MEMORANDUM OPINION

Before Justices Francis, Evans, and Boatright
Opinion by Justice Evans

Appellant Nelson Acosta-Maldonado appeals his conviction for aggravated sexual assault

of RM, a child under fourteen years of age. In two issues, appellant asserts that the trial court erred

in: (1) admitting the victim impact testimony from a child advocacy therapist and (2) excluding,

on hearsay grounds, extrinsic evidence of a prior inconsistent statement of a State's witness. We

affirm the trial court's judgment.

### I.    BACKGROUND

A child protective service investigator went to an elementary school to investigate potential

physical abuse of AM. The investigator interviewed AM, RM, and DM.[1] The investigator

concluded AM's injury was the result of an accident, but RM's interview raised concerns of sexual

---

[1] AM and DM are the brothers of RM.

abuse. RM and her brothers were taken to the Dallas Children's Advocacy Center where DM and RM were interviewed forensically. The children testified that they lived in an apartment with their brother (AM), mother, father, and appellant (father's cousin). Mother and father slept in one bedroom with AM while RM, DM and appellant slept in another bedroom. RM testified that appellant "hurt her body," touched her with his penis, and had penetrated her body.

Appellant was indicted for the offense of aggravated sexual assault of RM, a child under fourteen years of age. Appellant pleaded not guilty. The jury found him guilty and the trial court assessed punishment at twenty-five years' imprisonment. Appellant then filed this appeal.

## II. ANALYSIS

### A. Victim-Impact Testimony

In his first issue, appellant asserts that the trial court erred in admitting "victim-impact testimony" from the child advocacy therapist. We disagree.

#### 1. Additional facts

Ana Guzman, RM's therapist at the Dallas Children's Advocacy Center, was present during RM's testimony and also testified as an expert witness. Guzman testified that she had worked with RM for twenty sessions and noted that RM had a very high avoidance of speaking about the abuse during the sessions. Guzman further testified that part of the treatment that she provided RM is defined as trauma focus cognitive behavioral therapy. Appellant's attorney objected to testimony as being nonresponsive and the trial court directed the State to proceed to its next question but did not make a ruling.

Guzman then proceeded to testify about RM's reluctance to talk about the abuse and described disassociation to the jury. Guzman testified that RM disassociated both in the sessions and during her trial testimony when she (1) hesitated to answer a question; (2) had to have a question repeated; (3) stared into space; or (4) did not face one side of the courtroom. Guzman

then testified that she taught RM some relaxation skills to help her calm down and self-regulate. The following exchange then took place:

| | |
|---|---|
| [State's attorney]: | Tell us about the treatment paradigm that you used with these kids. |
| [Guzman]: | So the treatment that I use with [RM] is Trauma Focused Cognitive Behavioral Therapy, or TFCBT - - |
| [Appellant's attorney]: | I object relevance, Your Honor. At this point I object again to relevance. I'll withdraw the objection. I made a previous objection to this witness on that ground. |
| [State's attorney]: | You can continue. |

Guzman then continued to testify about TFCBT and how it applied to RM without any further objection.

### 2.      Analysis

We conclude that the trial court did not err in allowing this testimony for several reasons. As an initial matter, Guzman's testimony did not constitute victim-impact testimony. Victim-impact evidence has been defined as evidence concerning the effect of the crime after the crime occurs. *See Reynolds v. State,* 371 S.W.3d 511, 525 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Generally, this evidence is admissible at the punishment phase and not the guilt-innocence phase because it does not tend to make more or less probable the existence of any fact of consequence with respect to guilt or innocence. *Id.* Here, however, Guzman's testimony does not specifically address the effect of the crime on RM or how it affected RM's family. Instead, Guzman testified about the treatment she used to help RM prepare to testify, not the effect of the abuse.

Further, even if this testimony were considered victim-impact testimony, appellant has failed to preserve this issue for appellate review. To preserve a complaint regarding the erroneous admission of victim-impact evidence for appellate review, the defendant must object on the ground

–3–

that the evidence constitutes impermissible victim-impact evidence. *Id.* As stated above, appellant's attorney initially objected on a relevance basis, not that the evidence constituted victim-impact evidence. However, appellant's attorney then withdrew the objection and relied on a previous objection. During a hearing outside the presence of the jury, appellant had earlier objected to Guzman being present during the child's testimony and then testifying later as an expert witness. Appellant specifically objected that Guzman's testimony during the case in chief would be irrelevant and highly prejudicial. This earlier objection, however, failed to include an objection that the testimony would constitute victim-impact evidence. Thus, we conclude that appellant did not preserve his argument because "the objection at trial [did] not comport with the complaint raised on appeal." *See Karnes v. State*, 127 S.W.3d 184, 195 (Tex. App.—Fort Worth 2003, pet. ref'd) (defendant failed to preserve error because defense objected that the testimony was irrelevant and highly prejudicial, not that it constituted victim-impact testimony, at trial). For these reasons, we overrule appellant's first issue.

### B.     Exclusion of Evidence

In his second issue, appellant argues that the trial court erred in excluding, on hearsay grounds, extrinsic evidence of a prior inconsistent statement made by father to the effect that mother stated that appellant had not assaulted RM. We disagree.

#### 1.     Standard of review

A trial court's decision to admit or exclude evidence is viewed under an abuse of discretion standard. *Torres v. State*, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996).

#### 2.     Additional facts

Mother testified as follows during her cross-examination:

–4–

| [Appellant's attorney]: | Did you ever tell Douglas Larosa – Larios – did you ever tell Douglas Larios that your daughter had said the allegations never happened? |
|---|---|
| [Mother]: | That what my daughter had said it never happened? No. |
| [Appellant's attorney]: | That [appellant] never touched her, that you told Mr. Larios that that never happened? |
| [Mother]: | No, I told him that I didn't know. Who knew was the girl. |
| [Appellant's attorney]: | Did you ever tell your husband that, [FM], that your daughter said that she was never touched by [appellant]? |
| [Mother]: | No. |

The State also called father to testify during the trial. The State asked father about an affidavit which the State marked as State's Exhibit 10. Father testified that he went to speak with appellant's attorney at the request of his aunt. The trial court then conducted a hearing outside the presence of the jury. During the hearing, the trial court asked appellant's attorney if he had impeached mother with the affidavit. Appellant's attorney stated that he was going to use father to impeach mother. When the trial resumed, father testified that his aunt called him about going into appellant's attorney's office to sign an affidavit. Father testified that his aunt and appellant's attorney's assistant told him that the police could arrest him if he did not sign the paper. The affidavit contained the following statement: "[Mother] told me that [appellant] never touched or sexually assaulted [RM], my daughter." Father then testified that he did not agree with that statement because mother never said that to him. The affidavit, State's Exhibit 10, was admitted without objection.

Appellant called Douglas Larios as a witness during the trial. Larios testified that he went to appellant's attorney's office and met with father and appellant's attorney. Larios testified that

he was present when father signed the affidavit described above. The following testimony then took place:

| | |
|---|---|
| [Appellant's attorney]: | Did we explain to him in great detail about what was in the affidavit that he signed? |
| [Larios]: | Yes, yes. |
| [Appellant's attorney]: | Did he -- did he complain in any way that he did not understand it? |
| [Larios]: | No, he only made a change to his statement. |
| [Appellant's attorney]: | Okay. And do you remember that he said he made clear that he had been told by his wife -- |
| [State's attorney]: | Objection hearsay, objection leading. |
| [Trial court]: | Sustained. |
| [Appellant's attorney]: | Have you ever been told by Ms. -- I'm sorry, have you ever been told by [mother] that the child -- |
| [Appellant's attorney]: | Objection hearsay. |
| [Trial court]: | Sustained. |

### 3.    Analysis

Appellant argues that pursuant to Texas Rule of Evidence 613(a)(4), Larios's testimony about what father had been told by mother is admissible as extrinsic evidence. We disagree. Rule 613(a) pertains to a prior inconsistent statement made by the witness. *See* TEX. R. EVID. 613(a). If the witness denies making the statement, then extrinsic evidence of the prior inconsistent statement may be offered. *See* TEX. R. EVID. 613(a)(4) ("[e]xtrinsic evidence of a witness's prior inconsistent statement is not admissible unless the witness is first examined about the statement and fails to unequivocally admit making the statement."). Regardless, it must be a statement made by the witness. *See Abdygapparova v. State*, 243 S.W.3d 191, 204 (Tex. App.—San Antonio 2007, pet. ref'd). Here, the statement offered by appellant is testimony from a third party about something father allegedly was told by mother. As the statement at issue was not mother's own

statement, but something allegedly repeated by father to Larios, the trial court did not abuse its discretion in excluding Larios's testimony about such a statement.

## III.    CONCLUSION

We resolve appellant's issues against him and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 4
161457F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NELSON ACOSTA-MALDONADO,
Appellant

No. 05-16-01457-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-53801-T.
Opinion delivered by Justice Evans.
Justices Francis and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of February, 2018.